1  JAIME A. LEAÑOS (#159471)
2  LAW OFFICE OF MORALES & LEAÑOS
   75 East Santa Clara Street, Suite 250
3  San Jose, California  95113
4  Telephone:   (408) 294-6800
   Facsimile:   (408) 294-7102
5  Email:          jleanoslaw@pacbell.net

6
   JOSHUA R. JACHIMOWICZ (# 278316)
7  JACHIMOWICZ | POINTER
8  2007 West Hedding Street, Suite 100
   San Jose, California 95128
9  Tel.: (408) 246-5500
10 Fax: (408) 246-1051
   Email:          jjachimowicz@hinklelaw.com
11
   Attorneys for Plaintiff
12 Ronald Wood

13                UNITED STATES DISTRICT COURT
14             NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSÉ DIVISION
15

16
   RONALD WOOD                          **CASE NO:  CV 16-06621**
17
              Plaintiff,                **COMPLAINT FOR DAMAGES**
18
           v.                           1. Fourth Amendment-Excessive
19                                          Force (42 U.S.C §1983)
   DANIEL MORALES,                       2. Fourth Amendment-Excessive
20 INDIVIDUALLY AND AS AN                   Force (42 U.S.C §1983)
   OFFICER OF THE SAN JOSE              3. Battery
21 POLICE DEPARTMENT; OFFICER           4. Negligence
   MARK MINTEN, INDIVIDUALLY            5. Intentional Infliction of Emotional
22 AND AS A POLICE OFFICER OF              distress
   THE SAN JOSE POLICE
23 DEPARTMENT, SERGEANT                  **(JURY  TRIAL DEMANDED)**
   DARRELL UNGER, INDIVIDUALLY
24 AND AS A POLICE OFFICER OF
   THE SAN JOSE POLICE
25 DEPARTMENT

26            Defendants.

27

28
                                                      CV 16-06621

                            - 1 -
COMPLAINT FOR DAMAGES

1  Plaintiff, Ronald Wood, hereby alleges as follows:

2  ## INTRODUCTION

3  1.    This civil rights and state tort action seeks compensatory and punitive damages

4  from Defendants for violating various rights under the United States Constitution and

5  state law in connection with the officer involved shooting of Plaintiff, Ronald Wood on

6  August 17, 2015.  Plaintiff, Ronald Wood, now brings this case to expose the

7  wrongdoing of the defendant and to vindicate his civil rights.

8

9  ## JURISDICTION AND VENUE

10  2.    This court has subject matter jurisdiction pursuant to 42 U.S.C. §1983; 1981, 28

11  U.S.C. §§ 1331, 1343 and 2201. The Court has pendent jurisdiction and supplemental

12  jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. §

13  1367.

14  3.    On March 8, 2016,  Mr. Wood filed an administrative claims for damages under

15  the California Tort Claims Act Claim with the City of San Jose, in compliance with

16  California Government Code § 910 et seq.,  The City of San Jose rejected the claim on

17  May 19, 2016. Therefore, this claim is timely filed.

18

19  ## INTRADISTRICT ASSIGNMENT

20  4.    Pursuant to Northern District Civil Local Rule 3-29(c) intradistrict assignment to

21  the San Jose Division of the Court is proper because a substantial part of the events or

22  omissions giving rise to the claims herein occurred in the County of Santa Clara.

23  Venue therefore lies in the United States District Court for the Northern District of

24  California, San Jose Division.

25

26  ## PARTIES

27  5.    Plaintiff, Ronald Wood is, and at all relevant times herein mentioned, was a

28  citizen of the State of California and a resident of the County of Santa Clara.

CV 16-06621

- 2 -

COMPLAINT FOR DAMAGES

6.     Defendant Officer Daniel Morales ("Officer Morales" or "Defendant-Morales"), sued in both his individual and official capacities is a resident of California on information and belief, and at all relevant times was employed by the San Jose Police Department (hereinafter "SJPD"). All actions taken by Officer Morales were performed while working as an officer of the SJPD under color of law.

7.     Defendant Officer Mark Minten ("Officer Minten" or "Defendant-Minten") , sued in both his individual and official capacities is a resident of California on information and belief, and at all relevant times was employed by the San Jose Police Department (hereinafter "SJPD"). All actions taken by Officer Minten were performed while working as an officer of the SJPD under color of law.

8.     Defendant Officer Sergeant Darrell Unger ("Segeant Unger" or "Defendant Unger"), sued in both his individual and official capacities is a resident of California on information and belief, and at all relevant times was employed by the San Jose Police Department (hereinafter "SJPD"). All actions taken by Sergeant Unger were performed while working as an officer of the SJPD under color of law.

9.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment and in concert, and/or representation, and that each and every defendant is jointly and severally responsible and liable to the plaintiff for the damages hereinafter alleged.

10.   Plaintiff is informed and believe and thereon alleges that Defendants are legally responsible and liable for the incident, injuries, and damages set forth herein, and that the defendants proximately caused said incident, injuries, and damages by reason of his violation of plaintiff's constitutional and legal rights, negligence, breach of duty, whether based upon agency, employment or control or upon any other act or omission.

11.   Defendants caused and are responsible for the unlawful conduct described herein and the resulting injuries by, among other things, personally participating in the

1    unlawful conduct and/ or with deliberate indifference to plaintiff's rights.

2    12.   In doing the acts and/or omissions alleged herein, Defendants acted under color of

3    authority and/or under color of law and pursuant to their respective authorities as police

4    officers with the San Jose Police Department.

5    13.   Defendants are guilty of fraud, oppression, and/or malice that would justify the

6    imposition of punitive and exemplary damages.

7

8                              **FACTUAL ALLEGATIONS**

9    14.   On September 24, 2015, Officer Morales responded to a welfare check at 6130

10   Monterey Highway, Space 246.  He was informed by multiple parties that victim

11   Ronald Wood was acting strangely and had left the area.  Officer Morales decided to

12   conduct a search for Mr. Wood.

13   15.   Officer Morales drove north on Monterey Highway and observed an individual

14   sitting on the curb just north of South Lake Drive.  Officer Morales contacted the

15   individual, whom he believed to be Mr. Wood, by parking his patrol vehicle next to

16   where Mr. Wood was standing.

17   16.   Officer Morales remained in his patrol vehicle and spoke to Mr. Wood through

18   the passenger's window that had been rolled down. During their conversation, Mr.

19   Wood reached into the officer's vehicle to access a bag left open on the passenger seat.

20   Officer Morales responded to this action by exiting his vehicle, leaving the driver's

21   side door open.

22   17.   Officer Morales moved to the rear of the vehicle, and contacted Mr. Wood.  As

23   Mr. Wood moved away from the vehicle, Officer Morales deployed his Taser and used

24   pepper spray to attempt to stop Mr. Wood movement to the rear of the vehicle.

25   18.   After being Tased and pepper-sprayed, Mr. Wood moved toward the open driver's

26   side door of the vehicle. Prior to his shift, Officer Morales had loaded and locked his

27   shotgun.  Officer Morales states that he heard Mr. Wood attempt to remove the shotgun

28   from its lock.

CV 16-06621

- 4 -

COMPLAINT FOR DAMAGES

19.   Mr. Wood then turned to face Officer Morales, with his arms and hands in plain view.   At this point, though Mr. Wood was unarmed and not advancing, Officer Morales discharged his duty weapon five times without warning, striking Mr. Wood. At no time prior to being shot was Mr. Wood a threat to Officer Morales.

20.   After being shot five times in the chest and stomach area, Mr. Wood was lying in the street next to the patrol car seriously wounded. Arriving officers gave Mr. Wood verbal commands to move his hands away from his body and to crawl towards them. Because of his injuries Mr. Wood could not comply.

21.   Eventually, Sergeant Unger ordered Officer Minten to shoot Mr. Wood with a non-lethal .40 mm rifle.  The projectile from Officer Minton struck Mr. Wood in the chest as he was lying down on the street, wounded and not a threat to the officers.

22.   At this point, Sergeant Unger realized that Mr. Wood was bleeding out and in critical condition and could not crawl toward the officers.  Sergeant Unger then had an arrest team move in and placed Mr. Wood into handcuffs.

23.   The force used by Officer Morales, in shooting Ronald Wood while he was unarmed and not a threat to him was excessive, unreasonable and resulted in plaintiff suffering serious injuries.

24.   The order issued by Sergeant Unger to Officer Minten to shoot Ronald Wood with the 40 mm rifle while he was wounded, in critical condition, unarmed and not a threat to the officers was excessive, unreasonable and resulted in plaintiff suffering serious injuries.

25.   The force used by Officer Minten , in shooting Ronald Wood with the 40 mm rifle while he was wounded, in critical condition, unarmed and not a threat to the officers was excessive, unreasonable and resulted in plaintiff suffering serious injuries.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment-Excessive Force (42 U.S.C. § 1983)

### (Defendant-Officer Morales)

CV 16-06621

COMPLAINT FOR DAMAGES

26.   Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

27.   Officer Morales' used excessive force against Plaintiff when he shot him multiple times without warning.  Defendant's unjustified shooting deprived the rights of Plaintiff, to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.   As a result of Defendant's conduct, Plaintiff has suffered significant physical harm, emotional harm and pain and suffering.

29.   Defendant Morales' acts and/or omissions were done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Plaintiff's  constitutional rights,  thereby entitling plaintiff  to an award of exemplary or punitive damages.

30.   The shooting was excessive and unreasonable, especially because Plaintiff posed no immediate threat of death or serious bodily injury at the time of the incident. Further, Defendant Morales' use of deadly force violated his training and standard police officer training.


## SECOND CLAIM FOR RELIEF
### Fourth Amendment-Excessive Force (42 U.S.C. § 1983)
### (Defendant-Sergeant Unger and Defendant-Officer Minten)

31.   Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

32.   Officer Minten used excessive force against Plaintiff when he shot Plaintiff with his non-lethal 40 mm rifle after being ordered to do so by Sergeant Unger.  Plaintiff was critically wounded and unable to comply with the Defendants' verbal commands at the time he was shot.  Defendant Minten's unjustified shooting of Plaintiff as he was critically wounded deprived the rights of Plaintiff, to be free from unreasonable

COMPLAINT FOR DAMAGES

1   searches and seizures under the Fourth Amendment to the United States Constitution

2   and applied to state actors by the Fourteenth Amendment.

3   33.   As a result of Defendant Minten's and Defendant Unger's conduct, Plaintiff has

4   suffered significant physical harm, emotional harm and pain and suffering.

5   34.   Defendants' acts and/or omissions were done willfully, deliberately, maliciously,

6   and with reckless or deliberate indifference or conscious disregard to Plaintiff's

7   constitutional rights,  thereby entitling plaintiff  to an award of exemplary or punitive

8   damages.

9   35.   The shooting of Plaintiff by the 40 mm less than lethal rifle was excessive and

10  unreasonable, especially because Plaintiff was critical wounded and  posed no

11  immediate threat of death or serious bodily injury at the time the force was used.

12  Further, Sergeant Unger and Officer Minten's use of 40 mm rifle violated their training

13  and standard police officer training.

14

15  ### THIRD CLAIM FOR RELIEF

16  ### BATTERY

17  ### (Against All Defendants)

18  36.   Plaintiff re-alleges and incorporates by reference each and every allegation

19  contained in paragraphs 1 through 35 in this complaint.

20  37.   Plaintiff asserts the claims of battery against Defendant-Officers and Sergeant

21  Unger based upon the unlawful touching of Plaintiff which was the direct and legal

22  cause of his injuries. At all times during the unlawful touching of the Plaintiff,

23  Defendant-Officers and Sergeant Unger were acting within the course and scope of

24  their employment with the SJPD.   The non-consensual contact by Defendants against

25  the Plaintiff amounted to unreasonable force and included, but was not limited to,

26  shooting him five times and the improper and excessive use of firearm and shooting

27  him with the 40 mm rifle after he was critically wounded.

28  ////

CV 16-06621

COMPLAINT FOR DAMAGES

38.   Plaintiff is informed and believes and thereon alleges that the aforementioned acts of the Defendants were willful, malicious, intentional, oppressive, reckless and/or was done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

39.   The battery included the repeated shooting of Plaintiff by Defendant-Morales with his SJPD issued firearm and the shooting by Defendant-Minten with his SJPD 40mm rifle.

40.   As a direct and legal cause of the acts and omissions of this defendant, Plaintiff has suffered damages, including without limitation, loss of earnings, pain and suffering, emotional distress, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.  Plaintiff is seeking punitive damages under the battery cause of action.

## FOURTH CLAIM FOR RELIEF
### (NEGLIGENCE)
### (Against All Defendants)

41.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40 in this complaint.

42.   Defendants were negligent, and/or reckless and such conduct caused harm to Plaintiff. Defendants were negligent and/or reckless in performing their duties and failed, neglected, and/or refused to properly and fully discharge their responsibility by, among other things:

    (a)   Using unnecessary, excessive force against Plaintiff, which would not have been applied by a reasonable police officers under the same circumstances;

    (b)   Proceeding to effectuate a welfare check and detention by shooting the a gun and 40 mm rifle Plaintiff while he was unarmed;

    (c)   Grossly miscalculating the inherent dangerousness of the situation and

COMPLAINT FOR DAMAGES

1  thereby creating a situation in which serious bodily harm or death would likely

2  result;

3  (d)    Failing to practice and follow sufficient police procedures to ensure the

4  officers and the public's safety;

5  (e)    Failing to exercise the proper method of arresting and detaining Plaintiff

6  that resulted in the unnecessary escalation of force; and

7  43.  As a result of Defendants' conduct, Plaintiff has suffered significant physical and

8  emotional harm, and pain and suffering.

9

10  **FIFTH CLAIM FOR RELIEF**

11  **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

12  **(Against All Defendants)**

13  44.  Plaintiff re-alleges and incorporates by reference each and every allegation

14  contained in paragraphs 1 through 43 in this complaint.

15  45.  The conduct of Defendant Officer-Morales, Defendant-Officer Minten and

16  Defendant-Sergent Unger as set forth herein, was extreme and outrageous and beyond

17  the scope of conduct that should be tolerated by citizens in a democratic and civilized

18  society.  Defendants committed the aforementioned extreme and outrageous acts with

19  the intent to inflict severe emotional distress upon Plaintiff.

20  46.  As a proximate result of said defendants' willful, intentional and malicious

21  conduct, plaintiff suffered severe emotional distress. Therefore, plaintiff is entitled to

22  an award of punitive damages against said defendants/ plaintiff has suffered injuries

23  and damages hereinafter set forth.

24  **PRAYER**

25  WHEREFORE, Plaintiff prays for relief, as follows:

26  A.    For general damages according to proof;

27  B.    For special damages according to proof;

28  C.    For punitive damages against defendant officer according to proof.

CV 16-06621

- 9 -

COMPLAINT FOR DAMAGES

1      D.     For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983

2           and 1988;

3      E.     For costs of suit herein incurred; and

4      F.     Grant such other and further relief as the Court may deem just and

5           proper.

6

7                     **<u>DEMAND FOR JURY TRIAL</u>**

8      Plaintiff hereby demands a trial by jury.

9

10

11    DATED: November 15, 2016      LAW OFFICE OF MORALES & LEAÑOS

12

13                           By:   _/s/ Jaime A. Leaños_____

14                               JAIME A. LEAÑOS
                                 Attorney for Plaintiff, Ronald Wood

15

16

17    DATED: November 15, 2016      JACHIMOWICZ | POINTER

18

19                           By:   _/s/ Joshua R. Jachimowicz_____

20                                 JOSHUA R. JACHIMOWICZ
                                 Attorney for Plaintiff, Ronald Wood

21

22

23

24

25

26

27

28

CV 16-06621

COMPLAINT FOR DAMAGES