1  JAIME A. LEANOS (#159471)
   LAW OFFICE OF MORALES & LEAÑOS
2  75 East Santa Clara Street, Suite 250
   San Jose, California 95113
3  Telephone: (408) 294-6800
   Facsimile: (408) 294-7102
4  Email: jleanoslaw@pacbell.net

5  JOSHUA R. JACHIMOWICZ (# 278316)
   JACHIMOWICZ LAW GROUP
6  1530 The Alameda, Suite 115
   San Jose, CA 95126
7  Telephone: (408) 246-5500
   Facsimile: (408) 246-1051
8  Email: Josh@jachlawgroup.com

9  Attorneys for Plaintiff
10 Ronald Wood

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RONALD WOOD | **CASE NO: CV 16-06621  LHK** |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| DANIEL MORALES, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT; OFFICER MARK MINTEN, INDIVIDUALLY AND AS A POLICE OFFICER OF THE SAN JOSE POLICE DEPARTMENT, SERGEANT DARRELL UNGER, INDIVIDUALLY AND AS A POLICE OFFICER OF THE SAN JOSE POLICE DEPARTMENT | 1. Fourth Amendment-Excessive Force (42 U.S.C §1983)<br>2. Fourth Amendment-Excessive Force (42 U.S.C §1983)<br>3. Battery<br>4. Negligence<br>5. Intentional Infliction of Emotional Distress |
| Defendants. | **(JURY TRIAL DEMANDED)** |

Plaintiff, Ronald Wood, hereby alleges as follows:

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer involved shooting of Plaintiff, Ronald Wood on August 17, 2015. Plaintiff, Ronald Wood, now brings this case to expose the wrongdoing of the defendant and to vindicate his civil rights.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 42 U.S.C. §1983; 1981, 28 U.S.C. §§ 1331, 1343 and 2201. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

3. On March 8, 2016, Mr. Wood filed an administrative claims for damages under the California Tort Claims Act Claim with the City of San Jose, in compliance with California Government Code § 910 et seq., The City of San Jose rejected the claim on May 19, 2016. Therefore, this claim is timely filed.

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Northern District Civil Local Rule 3-29(c) intradistrict assignment to the San Jose Division of the Court is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in the County of Santa Clara. Venue therefore lies in the United States District Court for the Northern District of California, San Jose Division.

## PARTIES

5. Plaintiff, Ronald Wood is, and at all relevant times herein mentioned, was a citizen of the State of California and a resident of the County of Santa Clara.

6. Defendant Officer Daniel Morales ("Officer Morales" or "Defendant-

Morales"), sued in both his individual and official capacities is a resident of California on information and belief, and at all relevant times was employed by the San Jose Police Department (hereinafter "SJPD"). All actions taken by Officer Morales were performed while working as an officer of the SJPD under color of law.

7. Defendant Officer Mark Minten ("Officer Minten" or "Defendant-Minten"), sued in both his individual and official capacities is a resident of California on information and belief, and at all relevant times was employed by the San Jose Police Department (hereinafter "SJPD"). All actions taken by Officer Minten were performed while working as an officer of the SJPD under color of law.

8. Defendant Officer Sergeant Darrell Unger ("Sgt. Unger" or "Defendant Unger"), sued in both his individual and official capacities is a resident of California on information and belief, and at all relevant times was employed by the San Jose Police Department (hereinafter "SJPD"). All actions taken by Sergeant Unger were performed while working as an officer of the SJPD under color of law.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment and in concert, and/or representation, and that each and every defendant is jointly and severally responsible and liable to the plaintiff for the damages hereinafter alleged.

10. Plaintiff is informed and believe and thereon alleges that Defendants are legally responsible and liable for the incident, injuries, and damages set forth herein, and that the defendants proximately caused said incident, injuries, and damages by reason of his violation of plaintiff's constitutional and legal rights, negligence, breach of duty, whether based upon agency, employment or control or

upon any other act or omission.

11. Defendants caused and are responsible for the unlawful conduct described herein and the resulting injuries by, among other things, personally participating in the unlawful conduct and/ or reckless disregard and/or with deliberate indifference to plaintiff's rights.

12. In doing the acts and/or omissions alleged herein, Defendants acted under color of authority and/or under color of law and pursuant to their respective authorities as police officers with the San Jose Police Department.

13. Defendants are guilty of fraud, oppression, and/or malice that would justify the imposition of punitive and exemplary damages.

## FACTUAL ALLEGATIONS

14. On September 24, 2015, Officer Morales responded to a welfare check at 6130 Monterey Highway, space 246. The dispatcher reported that a person was acting erratically and possibly suicidal. Four officers arrived to the call because the person was described as being 5'10" tall and weighing 2220 pounds. Officer Morales believed it could take two or more officers to restrain the person because of his size.

15. After making contact with the reporting party officer Morales was informed that Plaintiff Ronald Wood was acting strangely and had left the area. Officer Morales conducted a search for Mr. Wood and drove north on Monterey Highway and observed an individual sitting on the curb just north of South Lake Drive. Officer Morales contacted this individual by parking his patrol vehicle next to where Mr. Wood was standing.

16. Officer Morales remained seated in his patrol vehicle and spoke to Mr. Wood through the passenger's window that had been rolled down. During their conversation, Mr. Wood reached into the officer's vehicle to access a duty bag left open on the passenger seat. There were no weapons in the officer's duty bag. Officer Morales responded to this action by exiting his vehicle, leaving the driver's

1 side door open.

2     17. As Officer Morales moved to the rear of the vehicle, Mr. Wood
3 continued to search through the duty bag. Officer Morales deployed his Taser and
4 used pepper spray to attempt to get Mr. Wood away from his patrol vehicle. After
5 being Tased and pepper-sprayed, Mr. Wood moved toward the open driver's side
6 door of the vehicle.

7     18. Prior to his shift, Officer Morales had secured his shotgun with the safety
8 latch. The safety mechanism was on and there were no bullets in the chamber.
9 Officer Morales states that he heard Mr. Wood attempt to remove the shotgun from
10 its lock. Mr. Wood was unable to access the shotgun and turned to face Officer
11 Morales, with his arms and hands in plain view.

12     19. At this point, though Mr. Wood was unarmed and not advancing, Officer
13 Morales discharged his duty weapon five times without warning, striking Mr.
14 Wood four times. Three bullets struck the Plaintiff in the stomach and one bullet
15 struck him in his chest. At no time prior to being shot was Mr. Wood armed or an
16 immediate threat to Officer Morales.

17     20. After being shot in the chest and stomach, Mr. Wood fell onto the street
18 next to the patrol car seriously wounded. Arriving officers gave Mr. Wood verbal
19 commands to move his hands away from his body and to crawl towards them.
20 Because of his injuries Mr. Wood could not comply.

21     21. Eventually, Sergeant Unger ordered Officer Minten to shoot Mr. Wood
22 with a non-lethal .40 mm rifle. The projectile from Officer Minton struck Mr.
23 Wood in the chest as he was lying down on the street, wounded and not a threat to
24 the officers.

25     22. At this point, Sergeant Unger realized that Mr. Wood was bleeding out
26 and in critical condition and could not crawl toward the officers. Sergeant Unger
27 then had an arrest team move in and placed Mr. Wood into handcuffs.

28     23. The force used by Officer Morales, in shooting Ronald Wood while he

was unarmed and not a threat to him was excessive, unreasonable and resulted in plaintiff suffering serious injuries.

24. The order issued by Sergeant Unger to Officer Minten to shoot Ronald Wood with the 40 mm rifle while he was wounded, in critical condition, unarmed and not a threat to the officers was excessive, unreasonable and resulted in plaintiff suffering serious injuries.

25. The force used by Officer Minten , in shooting Ronald Wood with the 40 mm rifle while he was wounded, in critical condition, unarmed and not a threat to the officers was excessive, unreasonable and resulted in plaintiff suffering serious injuries.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment-Excessive Force (42 U.S.C. § 1983)

### (Defendant-Officer Morales)

26. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

27. Officer Morales' used excessive force against Plaintiff when he shot him multiple times. At the time of the shooting Officer Morales knew or should have known that the Plaintiff did not have access to the shotgun, it was not loaded and that the safety mechanism was on. Defendant's unjustified shooting deprived the rights of Plaintiff, to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. Officer Morales also used excessive force when he tased and peppered sprayed the Plaintiff when he knew or should have known that he was suffering a mental health crisis

29. As a result of Defendant's conduct, Plaintiff has suffered significant physical harm, emotional harm and pain and suffering.

30. Defendant Morales' acts and/or omissions were done willfully,

deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Plaintiff's constitutional rights, thereby entitling plaintiff to an award of exemplary or punitive damages.

31. The shooting was excessive and unreasonable, especially because Plaintiff posed no immediate threat of death or serious bodily injury at the time of the incident. Further, Defendant Morales' use of deadly force violated his training and standard police officer training.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment-Excessive Force (42 U.S.C. § 1983)**

**(Defendant-Sergeant Unger and Defendant-Officer Minten)**

32. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 of this Complaint.

32. Officer Minten used excessive force against Plaintiff when he shot Plaintiff with his non-lethal 40 mm rifle. Sgt. Unger was an integral part of the .40 mm rifle being used against the Plaintiff because he gave the order to use the .40 mm rifle after the Plaintiff was critically wounded and unable to comply with the Defendants' verbal commands.

33. Defendant Minten's unjustified shooting of Plaintiff as he was critically wounded deprived the rights of Plaintiff, to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. As a result of Defendant Minten's and Defendant Unger's conduct, Plaintiff has suffered significant physical harm, emotional harm and pain and suffering.

35. Defendants' acts and/or omissions were done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Plaintiff's constitutional rights, thereby entitling plaintiff to an award of exemplary or punitive damages.

36. The shooting of Plaintiff by the 40 mm less than lethal rifle was excessive and unreasonable, especially because Plaintiff was critical wounded and posed no immediate threat of death or serious bodily injury at the time the force was used. Further, Sergeant Unger and Officer Minten's use of 40 mm rifle violated their training and standard police officer training.

## THIRD CLAIM FOR RELIEF
## BATTERY
### (Against All Defendants)

37. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36 in this complaint.

38. Plaintiff asserts the claims of battery against the Defendants and was based upon the unlawful touching of Plaintiff which was the direct and legal cause of his injuries. At all times during the unlawful touching of the Plaintiff, Defendant-Officers and Sergeant Unger were acting within the course and scope of their employment with the SJPD. The non-consensual contact by Defendants against the Plaintiff amounted to unreasonable force and included, but was not limited to, tasing, pepper spraying, shooting him with a firearm, shooting him with a .40 mm non-lethal rifle, and placing him in handcuffs after he was critically wounded.

39. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of the Defendants were willful, malicious, intentional, oppressive, reckless and/or was done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

40. The battery included the tasing, pepper spraying, and shooting of Plaintiff by Defendant-Morales with his SJPD issued firearm, and the shooting by Defendant-Minten with his SJPD 40mm rifle and the handcuffing of the Plaintiff by Sgt. Unger.

41. As a direct and legal cause of the acts and omissions of this defendant, Plaintiff has suffered damages, including without limitation, loss of earnings, pain and suffering, emotional distress, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained. Plaintiff is seeking punitive damages under the battery cause of action.

## **FOURTH CLAIM FOR RELIEF**
## **(NEGLIGENCE)**
### **(Against All Defendants)**

42. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41 in this complaint.

43. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings and not using any force unless necessary and only using deadly force as a last resort.

44. Defendants breached this duty of care. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately asses the mental state of Mr. Wood who was experiencing a mental health crisis;

(b) the negligent pre-shooting tactics and handling of the situation with the Plaintiff;

(c) the failure to follow Crisis Intervention Training protocol, including failure to de-escalate the situation with the Plaintiff who was in mental health crisis;

(d) escalating the situation by tasing, pepper spraying, yelling, shooting with lethal force, and shooting with non-lethal force against the Plaintiff, which would not have been applied by a reasonable police officers under the same circumstances;

(e) grossly miscalculating the inherent dangerousness of the situation and thereby creating a situation in which serious bodily harm or death would likely result;

(f) the failure of officer Morales to practice and follow sufficient police procedures to ensure the officers and the public's safety by contacting a person experiencing a mental health crisis without additional officers on scene ;

(g) Failing to exercise the proper method of arresting and detaining Plaintiff that resulted in the unnecessary escalation of force; and

(h) negligent communication between officers who had responded to the initial call.

45. As a result of Defendants' conduct, Plaintiff has suffered significant physical and emotional harm, and pain and suffering.

## FIFTH CLAIM FOR RELIEF

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (Against All Defendants)

46. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 45 in this complaint.

47. The conduct of Defendant Officer-Morales, Defendant-Officer Minten and Defendant-Sergent Unger as set forth herein, was extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens in a democratic and civilized society. Defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe emotional distress upon Plaintiff.

48. As a proximate result of said defendants' willful, intentional and malicious conduct, plaintiff suffered severe emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants/ plaintiff has suffered injuries and damages hereinafter set forth.

////

////

# **PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

        A. For general damages according to proof;

        B. For special damages according to proof;

        C. For punitive damages against defendant officer according to proof.

        D. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

        E. For costs of suit herein incurred; and

F. Grant such other and further relief as the Court may deem just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by Jury.

Dated: July 1, 2018        LAW OFFICES OF MORALES & LEAÑOS
                                        JACHIMOWICZ LAW GROUP

                                    By: */s/ Jaime A. Leaños*
                                          JAIME A. LEAÑOS
                                        JOSHUA R. JACHIMOWICZ
                                          Attorneys for Plaintiff